IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

United States of America,

　　　　　Petitioner,

　　v.

Aamir Hafiz Sheikh,

　　　　　Respondent.

No. _____

[PROPOSED]
EMERGENCY TEMPORARY ORDER

　　　The United States having filed a Petition (ECF No. 1) and Motion for Emergency Temporary Order to Perform Involuntary Medical Examinations (ECF No. 2) supported by declarations, the Court makes the following specific findings:[1]

　　　1.　　Mr. Aamir Hafiz Sheikh, A096 218 019, is detained at the La Palma Correctional Center (LPCC), since August 27, 2018, pending removal from the United States.

　　　2.　　Mr. Sheikh has unequivocally informed the United States that he is presently engaged in a self-imposed hunger strike and intends to continue to engage in this hunger strike indefinitely.

　　　3.　　Mr. Sheikh has not eaten since March 10, 2019, and last received intravenous hydration on March 17, 2019.

　　　4.　　Mr. Sheikh has refused to cooperate with medical staff's requests to perform routine monitoring, to provide medical care, or to answer questions regarding his fluid intake since March 19, 2019.

---

[1] The Petition and the Declarations in support of the Motion are hereby incorporated by reference into this Order.

5. The LPCC medical staff have repeatedly tried to persuade Mr. Sheikh to discontinue the hunger strike and accept nourishment voluntarily, as well as to accept medical monitoring and medical care voluntarily.

6. An emergency temporary order is necessary to preserve the status quo and to prevent irreparable harm to Mr. Sheikh and the United States.

7. Absent a temporary order permitting the United States to perform involuntary medical examinations of Mr. Sheikh and to restrain him if he resists those examinations, Mr. Sheikh could become permanently injured or die.

8. Absent a temporary order permitting the United States to perform involuntary medical examinations of Mr. Sheikh and to restrain him if he resists those examinations, legitimate government interests in preserving the lives of individuals in its custody, maintaining security and orderly operations in its immigration detention facilities, and avoiding burdensome and unnecessary litigation would be harmed.

9. Mr. Sheikh was not afforded time to respond to the Petition and Motion due to the immediate and irreparable harm that would result from inaction.

10. The Petition is supported by the declarations attached to the Motion that demonstrate that immediate and irreparable injury will occur before the Mr. Sheik is able to respond.

11. The procedures applied in this case are in accordance with well-established legal authorities that have considered the issue. *See In re Grand Jury Subpoena John Doe v. United States*, 150 F.3d 170, 172 (2d Cir. 1998); *Garza v. Carlson*, 877 F.2d 14, 17 (8th Cir. 1989); *In re Soliman*, 134 F. Supp. 2d 1238 (N.D. Ala. 2001); *In re Sanchez*, 577 F. Supp. 7, 8 (S.D.N.Y. 1983); *Laurie v. Senecal*, 666 A.2d 806, 808 (R.I. 1995).

**IT IS HEREBY ORDERED** that the Motion is GRANTED, and the Secretary of the Department of Homeland Security, through component agencies, Immigration and Customs Enforcement and the Public Health Service, Division of Immigration Health Services Corps, may:

1.  conduct involuntary blood draws and weight checks, insert urinary catheters, and perform routine medical examinations on Mr. Sheikh; and

2.  restrain Mr. Sheikh if he resists efforts to draw blood, be weighed, have urinary catheters inserted.

**IT IS FURTHER ORDERED** that counsel for the United States shall serve a copy of the Petition (ECF No. 1), the Motion for Emergency Temporary Order to Perform Involuntary Medical Examinations (ECF No. 2), and this Emergency Temporary Order on Mr. Sheikh prior to undertaking any involuntarily medical examinations of Mr. Sheikh.

**IT IS FURTHER ORDERED** that a preliminary hearing on the United States' motion for emergency temporary order to perform involuntary medical examinations on Mr. Sheikh shall be held on _____ at _____ in Courtroom No. __, Phoenix, Arizona 85003.

**IT IS FURTHER ORDERED** that Respondent Aamir Hafiz Sheikh shall appear at the Preliminary Injunction Hearing on _____ at ___ by telephonic conference only.

**IT IS FURTHER ORDERED** that counsel for the United States shall set up a telephonic conference to enable Respondent Aamir Hafiz Sheikh to so appear. The Court recommends that the telephone call be placed to telephone number 602-_____, five minutes before the hearing is scheduled to take place.

**IT IS FURTHER ORDERED** that, no later than _____ on _____, 2019, counsel for the United States shall inform the Court whether an interpreter will be necessary for this hearing.

**IT IS FURTHER ORDERED** that the United States is not required to post a bond under Federal Rule of Civil Procedure 65(c).

3